CORNELIUS S. VAN WAGGONER, Assignee of RALPH THOMAS, *vs.* HORATIO MOSES and JOHN C. MOSES.

1. A judgment entered in good faith for a debt honestly due cannot be invalidated by a subsequent assignment made by the defendant for the benefit of his creditors.

2. Nor is the right of the judgment creditor, under his execution, waived or destroyed by his claiming as a general creditor under the assignment.

3. A judgment was obtained, execution issued thereon, and a levy made on part of the defendant's property; the defendant then assigned the remainder of his property for the benefit of his creditors, and, after the assignment, the sheriff levied on the property so assigned. *Held*, that the property assigned was bound by the execution.

4. The assignee cannot hold the property as a purchaser who, without notice of the execution, purchases the property in good faith, and pays for the same before an actual levy is made.

5. The rights of the execution creditor are not affected in such case, if the levy has been delayed by a temporary agreement between him and the defendant.

6. If the defendant assign all his property, it may all be levied on, and, after the assignment, he is not entitled to an exemption of $200 worth of goods.

In error to the Supreme Court.

This case is reported in the Supreme Court cases, *ante* page 124. The facts of the case are sufficiently shown by the opinion there delivered, and by the opinion of this court.

*Barkalow*, for the plaintiff in error.

*Bradley*, for the defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE. The controversy in this case involves the title to the proceeds of the sale of certain personal property formerly owned by Ralph Thomas. The plaintiff in error claims by virtue of a general assignment for the benefit of creditors, made to him by Thomas, on the 30th of January, 1856. The defendants in error claim by virtue of a judgment against Thomas, and a *fieri facias* thereon. The judgment was entered, and the execution delivered to the sheriff, in December, 1855. A partial levy was made on the defendant's property, on the 16th of January, 1856, but the property now in question was not levied on until the 31st of January, one day after the date of the assignment. No fraud is suggested; it is simply a question of priority. The statute makes the execution bind the goods and chattels of the defendant from the

time of its delivery to the sheriff, but saves the title of a purchaser in good faith, who pays for the property before an actual levy of the execution, and without notice thereof. An assignee for the benefit of creditors is not a purchaser for value; and, in this case, he had actual notice of the execution and levy before the date of the assignment. The execution, therefore, bound the property of Thomas in the hands of the assignee.

But it is insisted that this priority of lien was waived by the plaintiffs in execution, inasmuch as the plaintiffs not only omitted to have a levy made upon the goods in question, but specially agreed that those articles should not be levied on; and that, consequently, so far as concerns that property, the execution, in the language of the statute, was not delivered to the sheriff to be executed. The objection is not supported by the evidence; on the contrary, the evidence clearly shows that the plaintiffs in execution never intended to abandon their lien or their right to levy upon all the defendant's personal property, and that they merely consented to a temporary suspension of the levy for the benefit of the defendant.

The plaintiff's judgment having been entered in good faith for a debt honestly due, cannot be invalidated by a subsequent assignment made by the defendant for the benefit of his creditors. The judgment being valid at the time it was confessed, its validity cannot be impaired by any subsequent act of the defendant in the judgment, nor is the right of the judgment creditor under his execution waived or destroyed by his claiming as a general creditor under the assignment.

Whatever rights the defendant in execution may have had against the execution creditor, they are effectually disposed of by the assignment. But if the fact were otherwise, and the right to retain goods to the value of two hundred dollars remained in the defendant in execution, the assignee cannot enforce the claim. The defendant in

Van Waggoner v. Moses.

execution has not made the claim, nor is he a party to the record.

All these questions are fully examined and satisfactorily disposed of in the opinion of the Supreme Court.

It is further assigned for error, that the court below did not allow to the assignee the amount of rent paid by him to the landlord of the premises in which the goods and chattels were, and which rent accrued prior to the sale and removal of the goods. This point is not adverted to in the opinion of the Supreme Court, nor does it clearly appear that the point was suggested or insisted on in that court. But, admitting the regularity of the objection as a ground of error, it is not supported by the evidence. It is not shown that the rent was paid for the premises in which the goods and chattels were levied on, nor that any demand was made by the landlord for the payment of the rent before the sale or removal of the goods. It is incumbent on the plaintiff in error to show clearly the existence of the error upon which he relies for reversal.

The judgment should be affirmed with costs.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, and Judges OGDEN, HAINES, RYERSON, ARROWSMITH, CORNELISON, RISLEY, SWAIM, VALENTINE, and WOOD.

*For reversal*—None.